UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Luis Hernandez | § | |
| | § | |
| | § | Civil Action No. |
| | § | |
| *versus* | § | 5:20-cv-1188 |
| | § | |
| | § | |
| | § | |
| The Cherrington Firm, PLLC and | § | |
| Lacey Cherrington | § | |

Plaintiff's Original Complaint

———————————

## Introduction

1. The Fair Debt Collection Practices Act was enacted to stop debt collectors from harassing, abusing, and making misrepresentations to and about consumers. Congress found that these practices led to job loss, the number of personal bankruptcies, invasions of privacy, and marital instability.

2. When collecting or attempting to collect a debt, the FDCPA demands the debt collector treat people respectfully, honestly, and fairly by proscribing its use of: (a) harassing, oppressive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

3. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. In reviewing an FDCPA complaint, courts "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard, assuming that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *McMurry v. Pro Collect, Inc.* 687 F.3d 665 (5th Cir. 2012).

4. Plaintiff brings this action for Defendants' violations of the FDCPA and state law and seeks actual damages, statutory damages, attorney's fees, and costs.

## Jurisdiction & Venue

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Supplemental jurisdiction for Plaintiff's state law claims arises under 15 U.S.C. § 1367.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

8. Plaintiff, Luis Hernandez, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

9. Defendant, The Cherrington Firm, PLLC is a Utah professional limited liability corporation whose mailing address is 746 E 1910 S Ste 3 Provo, UT 84606. It may be served with process via Lacey Cherrington at the same address.

10. Defendant Lacey Cherrington is a is a natural person who owns and directs operations at The Cherrington Firm, PLLC. She may be served with process at her place of business at 746 E 1910 S Ste 3 Provo, UT 84606.

11. Both Cherrington and the Cherrington Firm are third party debt collectors.

12. The Cherrington Firm maintains a third-party debt collector bond (No. 71699721) on file with the Texas Secretary of State.

13. The principal purpose of the Cherrington Firm is the collection of third party consumer debt.

14. Cherrington is the owner and head attorney of the Cherrington Firm.

15. Cherrington is the sole lawyer and legal decision maker at the Cherrington Firm.

## Facts

16. The Debt is an defaulted debt for a gym membership that was used for personal, family, and household purposes (the "Debt").

17. The Debt is an allegedly defaulted Gold's Gym account.

18. Via one or more transactions Gold's Gym sold or transferred the Debt to Checknet, Inc.

19. Checknet is a Utah corporation that is partially owned or operated by Defendant Lacey Cherrington.

20. The Utah Secretary of State lists Cherrington as both the Secretary and Treasurer of Checknet.

21. Cherrington and the Cherrington Firm regularly sue consumers on behalf of Checknet.

22. At the direction of Cherrington, the Cherrington Firm sued an individual named Luis Hernandez who resided in Utah.

23. The Luis Hernandez named in the Utah Lawsuit ("Defendant Luis Hernandez") had allegedly defaulted in paying for a Gold's Gym membership.

24. Plaintiff Luis Hernandez has never entered a Gold's Gym facility.

25. Plaintiff Luis Hernandez has never joined or attempted to join a Gold's Gym.

26. Plaintiff Luis Hernandez has never entered into or defaulted on an obligation to Gold's Gym.

27. An affidavit of service filed with the court in Utah states that service was executed at 326 E. Utopia Ave, Salt Lake City, Utah 84115. An address where Plaintiff Luis Hernandez has never resided.

28. A true and correct copy of the affidavit is attached as Exhibit A.

29. The Cherrington Firm was awarded a judgment against Defendant Luis Hernandez.

30. In an effort to collect the judgment, Cherrington directed her firm to garnish the wages of Luis Hernandez.

31. Cherrington or her firm engaged in a search for Defendant Luis Hernandez and found the Plaintiff.

32. Cherrington and the Cherrington Firm failed to maintain reasonable procedures reasonably adapted to avoid the garnishment of accounts of similarly named persons.

33. Plaintiff Luis Hernandez is not the Defendant Luis Hernandez in the Utah lawsuit.

34. Cherrington did not meaningfully review the results of her search for the Defendant Luis Hernandez.

35. As a result of their failure to maintain said procedures, Cherrington and the Cherrington Firm garnished Plaintiff Luis Hernandez's wages.

36. Plaintiff Luis Hernandez has lost money, time, and sleep over Cherrington and her firm's actions.

## First Cause of Action – Fair Debt Collection Practices Act

37. Cherrington and the Cherrington Firm are debt collectors as defined by 15 U.S.C. § 1692a(6).

38. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

39. Plaintiff Luis Hernandez is a consumer protected by the FDCPA as defined by 15 U.S.C. § 1692a(3).

40. The garnishment is a communication as defined by 15 U.S.C. § 1692a(2).

41. Cherrington and the Cherrington Firm violated the FDCPA in that they:

  a. Made false, deceptive, and misleading representations in violation of 15 U.S.C. § 1692e;

  b. Made a false representation of the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(a);

  c. Threatened to take an action and did take an action that cannot be legally taken in violation of 15 U.S.C. § 1692e(5); and

  d. Used a false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10).

## Second Cause of Action –Texas Finance Code Chapter 392

42. Plaintiff is a consumer as defined by Tex. Fin. Code § 392.001(1).

43. The Debt is a consumer debt as defined by Tex. Fin. Code § 392.001(2).

44. Cherrington and the Cherrington Firm are third-party debt collectors as defined by Tex. Fin. Code § 392.001(7).

45. The garnishment is as act of debt collection as defined by Tex. Fin. Code § 392.001(5).

46. The garnishment violated Chapter 392 of the Texas Finance Code in that they:

  a. Misrepresented the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding in violation of Texas Finance Code § 392.304(a)(8); and

  b. Using any other false representation or deceptive means to collect a debt or obtain information about a consumer in violation of Texas Finance Code § 392.304(a)(19).

## Jury Demand

47. Plaintiff demands this case be tried before a jury.

## Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

  a. Actual damages per 15 U.S.C. § 1692 k(a)(1);

  b. Statutory damages per 15 U.S.C. § 1692k(a)(2);

  c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3);

  d. Actual damages per Tex. Fin. Code § 392.403(a)(2); and

  e. Attorney's fees, costs, and litigation expenses per Tex. Fin. Code § 392.403(b).

Dated: October 6, 2020                    Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com